IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Paul Cross, | ) | C/A No.: 1:14-89-TLW-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| M. Cruz, Warden FCI Williamsburg, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |

Petitioner Paul Cross is a federal inmate housed at Federal Correctional Institution ("FCI") Williamsburg who has submitted this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice.

I.     Factual and Procedural Background

Petitioner challenges his convictions for drug and firearm offenses[1] and a 60-year sentence imposed by the United States District Court for the Southern District of Florida on June 10, 1995. [Entry #1 at 1; Entry #1-1 at 1]. Petitioner appealed his conviction to the Eleventh Circuit, which affirmed the judgment of the sentencing court on September

---

[1] Petitioner state that his convictions were for conspiracy to possess cocaine, using and carrying a firearm during and in relation to a drug trafficking crime, possession of a firearm by a fugitive, possession of unregistered firearms, and intimidating a witness.

2, 1999. [Entry #1 at 2; Entry #1-1 at 1]. Petitioner filed a motion under 28 U.S.C § 2255 to vacate his conviction and sentence on September 2, 2000, which the sentencing court denied on May 3, 2002. [Entry #1 at 4; Entry #1-1 at 1]. On February 10, 2003, the Eleventh Circuit denied Petitioner's request for a certificate of appealability. [Entry #1-1 at 1]. Petitioner now files the instant petition seeking habeas relief pursuant to 28 U.S.C. § 2241.

II.     Discussion

    A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court,[2] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.

---

[Entry #1-1 at 1].
[2] The Rules Governing Section 2254 are applicable to habeas actions brought under

Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    A challenge to a federal conviction is properly brought pursuant to 28 U.S.C. § 2255

"[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). Prior to the enactment of § 2255, federal prisoners could collaterally attack a federal conviction through a petition for a writ of habeas corpus pursuant to § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). However, "a number of practical problems, among which were difficulties in obtaining records and taking evidence in a district far removed from the district of conviction . . . led Congress to enact § 2255, 'which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently.'" *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000) (quoting *Triestman*, 124 F.3d at 373); *see also In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997) (collecting cases). "[T]he remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy," and "supplants habeas corpus, unless it is shown to be

---

§ 2241. *See* Rule 1(b).

3

inadequate or ineffective to test the legality of the prisoner's detention." *Rice v. Lamanna*, 451 F. Supp. 2d 755, 761–62 (D.S.C. 2006) (quotation omitted). In this case, Petitioner seeks relief from his federal sentence and convictions. Thus, the relief Petitioner requests is only available, if at all, under § 2255, unless that statute is shown to be inadequate and ineffective to test the legality of his detention. *See In re Jones*, 226 F.3d at 333.

> 2. Petitioner does not demonstrate that § 2255 would be inadequate or ineffective to test the legality of his detention

To challenge his federal conviction and sentence under § 2241, Petitioner must satisfy the § 2255 savings clause, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e); *see also Reyes-Requena v. United States,* 243 F.3d 893, 901 (5th Cir. 2001); *Ennis v. Olsen,* 238 F.3d 411 (4th Cir. 2000). Petitioner indicates that the sentencing court denied his motion for relief under § 2255. [Entry #1 at 4]. However, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion." *See In Re Vial,* 115 F.3d at 1194 n.5 (citations omitted).

Additionally, Petitioner fails to satisfy criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality

4

of a prisoner's detention. In *In re Jones*, the court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333–34. In the present case, Petitioner fails to demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive law change.

Instead, Petitioner attempts to invoke §2255's savings clause and demonstrate that his firearm convictions are no longer lawful based on the Supreme Court's rulings in *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) (extending the rule that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt" to mandatory minimum sentences), and *United States v. O'Brien*, 560 U.S. 218 (2010) (holding that a fact which is an element of the offense, rather than a sentencing factor, must be proven to a jury beyond a reasonable doubt). [Entry #1-1 at 2].

The requirements announced in *Alleyne* and *O'Brien* prescribe the manner in which a sentence is to be computed, but do not alter the range of conduct or the class of persons subject to criminal punishment. As such, these requirements constitute a procedural, rather than a substantive, change in the law. *See United States v. Powell*, 691 F.3d 554, 559–60 (4th Cir. 2012). Further, *Alleyne* and *O'Brien* are extensions of

5

*Apprendi v. New Jersey*, 530 U.S. 466 (2000) (requiring any fact that increased the maximum penalty for an offense to be proven to a jury rather than a judge), and the Fourth Circuit has held that *Apprendi* and *Alleyne* are not retroactive to cases on collateral review. *See United States v. Stewart*, No. 13-6775, 2013 WL 5397401, at *1 (4th Cir. Sept. 27, 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); *United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001) (holding that *Apprendi* claim may not be raised on collateral review). Therefore, Petitioner's reliance on these cases is misplaced. As Petitioner cannot demonstrate that a substantive law change made the conduct for which he was convicted non-criminal, his claims are insufficient to invoke the savings clause embodied in § 2255, and this case is subject to summary dismissal.

> 3. Petitioner has not demonstrated exhaustion of administrative remedies

Although § 2241 itself does not contain an exhaustion requirement, courts typically require a federal prisoner to exhaust his administrative remedies before bringing a claim under that statute. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490 (1973) (requiring exhaustion in a § 2241 action); *McClung v. Shearin*, No. 03-6952, 2004 WL 225093, at *1 (4th Cir. Feb. 6, 2004) (citing *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001)); *see also* 28 C.F.R. § 542.10. Petitioner indicates that he has not exhausted his administrative remedies for the grounds raised in this petition. [Entry #1 at 6–8]. Therefore, the petition should also be dismissed for failure to exhaust.

III.     Conclusion and Recommendation

Accordingly, it is recommended that the petition in the above-captioned case be dismissed without prejudice.

IT IS SO RECOMMENDED.

March 6, 2014                                              Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).